# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell: (917) 273-2693
nboxer@pkbllp.com

March 7, 2017

**By ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **U.S. v. Castaldo, et al., No. 1:16-cr-234 (S1)**

Dear Judge Cogan,

    On behalf of defendant Louis F. Petrossi, by this letter I respectfully request that the Court order the government to provide a "written summary" of its proffered expert's (Mr. Peter Melley) "opinions, [and] the bases and reasons for those opinions," as required by Fed. R. Crim. P. 16(a)(1)(G).

    By letter dated and filed on February 16, 2017, the government notified counsel that it planned to call Mr. Melley, an attorney with the Financial Industry Regulatory Authority ("FINRA"), as an expert witness. *See* ECF Dkt. 141. After reciting Mr. Melley's professional history and attaching Mr. Melley's resume and a list of matters in which he had previously testified as a "summary witness," the remainder of the government's disclosure consisted entirely of the following two paragraphs:

> Mr. Melley is expected to testify regarding the following topics: (a) FINRA's role in regulating the trading of stocks of publicly-traded companies; (b) general securities industry terms; (c) disclosure requirements of publicly-traded companies registered with the Securities and Exchange Commission ("SEC"), including the requirements regarding payments to brokers or other individuals involved in selling stock on behalf of companies; (d) securities licensing exams for registered brokers and others; (e) payments to brokers, and disclosure requirements by brokers regarding those payments; and (f) ways in which stock prices and volumes can be manipulated.

March 7, 2017
Page 2

> Mr. Melley is also expected to testify as a summary witness regarding the trading prices and volumes of ForceField Energy, Inc. ("ForceField")'s stock, and the purchase and sale of ForceField's stock by individuals including the defendants, Co-Conspirator 1, and/or Co-Conspirator 1's nominee entities. In addition, Mr. Melley is expected to testify regarding the types and dates of the securities licenses held by each defendant.

ECF Dkt. 141, at 2.

Fed. R. Crim. P. 16(a)(1)(G) requires that the government disclose the substance of an expert's opinions – "the witness's opinions, the bases and reasons for those opinions" – in its disclosure letter, rather than listing merely general topics. Fed. R. Crim. P. 16(a)(1)(G); *see also United States v. Baker*, No. 14-CR-356 (ENV), 2016 WL 7176588, at *4 (E.D.N.Y. Dec. 8, 2016) ("It is well-engrained that the government cannot discharge its disclosure obligations by merely identifying the general topics about which the expert will testify. Rather, it must provide the substance of the actual opinions") (alteration, citation, and internal quotation marks omitted); *United States v. Mahaffy*, No. 05-CR-613 (ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) ("[t]he testimony would also be excluded because the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the [expert] witness on these topics"); *United States v. Ulbricht*, No. 14-CR-68 (KBF), 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015) ("a failure to provide the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions can also lead to preclusion. For instance, preclusion is justified when the expert disclosures merely list general topics about which the expert will testify") (collecting cases); *United States v. Valentin*, No. 3:14-CR-55 (VLB), 2016 WL 1211304, at *3 (D. Conn. Mar. 25, 2016) (government's expert disclosure letter that "merely identf[ies] the general topics about which the expert will testify" and "does not identify the substance of his opinions" is "not sufficient" under Rule 16) (internal quotations omitted). *See also United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (affirming district court's preclusion of a portion of proposed expert testimony because the expert disclosure "did not describe [the expert's] opinions beyond stating the conclusion he had reached and did not give the reasons for those opinions").

The actual substance of a proposed expert's opinion is required because "[Fed. R. Crim. P. 16(a)(1)(G)] is designed 'to minimize [the] surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *Baker*, 2016 WL 7176588, at *1 (quoting *United States v. Cruz*, 363 F.3d 187, 196 n. 2 (2d Cir. 2004)). *See also Ulbricht*, 2015 WL 413318, at *6 ("without the appropriate detail, a Court cannot possibly assess admissibility, an opposing party cannot prepare a response or for proper cross-examination, and a trial devolves into jungle warfare by ambush").

March 7, 2017
Page 3

      The government's disclosure is inadequate, because it only provides the general topics of Mr. Melley's proposed testimony, and does not provide detail as to the substance of his proposed testimony. Even the government's letter states that it is disclosing that "Mr. Melley is expected to testify *regarding the following topics* . . . ." ECF Dkt. 141, at 2 (emphasis added). Thus, we (and the Court) have insufficient detail to assess the admissibility of Mr. Melley's testimony. *See, e.g., Ulbricht*, 2015 WL 413318, at *8 ("without knowing the opinions and bases [of the expert testimony], the Court also cannot perform the analysis that it must under Rule 403 which provides for the exclusion of otherwise relevant evidence"); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)) ("the district court has a 'gatekeeping' function under Rule 702—it is charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand'"); *Baker*, 2016 WL 7176588, at *4 ("The government's second disclosure letter . . . lists various topics 'regarding' which it was likely [the expert] would testify, but this disclosure did not describe the substance of any opinions that she might offer. . . . [B]ecause it left the opinion gate wide open, the government's disclosure was insufficient").

      Accordingly, we respectfully request that the Court require the government to provide significantly more detailed disclosure regarding the substance of Mr. Melley's testimony, including the substance of the specific opinion or opinions of Mr. Melley and his bases and sources for those opinions.

Respectfully submitted,

*Nelson A. Boxer / JMG*

Nelson A. Boxer